# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOLIE DESIGN & DÉCOR, INC. and<br>ANNIE SLOAN INTERIORS, LTD.<br><br>     Plaintiffs<br><br>  v.<br><br>WEBSTERS CHALK PAINT POWDER, LLC;<br>LORRAINE C. BECKMAN; TOY NICOLE<br>GOODWIN; and HEATHER DOHN MILLER<br><br>     Defendants | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW INTO COURT comes Plaintiffs, Jolie Design & Décor, Inc. ("Jolie Design") and Annie Sloan Interiors, Ltd. ("Annie Sloan Interiors"), by and through undersigned counsel, who files this Complaint for Injunctive Relief and Damages seeking to enjoin the defendants from infringing Annie Sloan Interiors' registered trademark and goodwill, as set forth in more detail as follows:

## NATURE OF THE CASE

1.      This is an action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.*, injury to business reputation and trademark dilution under LA. REV. STAT. §51:223.1, and unjust enrichment by the defendants.

## PARTIES

2.      Annie Sloan Interiors, Ltd. ("Annie Sloan Interiors") is a foreign company organized and existing under the laws of the United Kingdom with its principal place of business

1

at 33 Cowley Road, Oxford OX4 1HP  UK.  Annie Sloan Interiors is the owner and licensor of various CHALK PAINT trademarks.

3.     Jolie Design & Décor, Inc. ("Jolie Design") is a Louisiana corporation doing business as Annie Sloan Unfolded and with its principal place of business at 2609 Piedmont Street, Kenner, Louisiana, 70062.  Jolie Design is the exclusive distributor of CHALK PAINT decorative paint and the exclusive licensee of the CHALK PAINT trademark in the United States, as well as various other countries around the world.

4.     On information and belief, Websters Chalk Paint Powder, LLC ("Websters") is a Georgia limited liability company having its main office at 2025 Highway 154, Newnan, Georgia, 30277.

5.     Websters is not a franchisee or licensee of plaintiffs and does not have any commercial or contractual affiliation with plaintiffs.

6.     On information and belief, Lorraine C. Beckman ("Beckman"), an individual, is a resident of the state of Georgia, is a member or manager of Websters, and is an active participant in the wrongdoing of which plaintiffs complain herein.

7.     On information and belief, Toy Nicole Goodwin ("Goodwin"), an individual, is a resident of the state of Georgia, is a member or manager of Websters, and is an active participant in the wrongdoing of which plaintiffs complain herein.

8.     On information and belief, Heather Dohn Miller ("Miller"), an individual, is a resident of the state of Georgia, is a member or manager of Websters, and is an active participant in the wrongdoing of which plaintiffs complain herein.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under federal laws); 28 U.S.C. §1332 (diversity of citizenship); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks, and unfair competition claims joined therewith); and 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

10.      This Court has personal jurisdiction over the defendants because they are engaged in business activities in and directed to the State of Louisiana within this judicial district. Further, the defendants have taken affirmative actions in this judicial district to infringe upon Annie Sloan Interiors' federally registered trademark and to engage in unfair competition and deceptive trade practices that have caused damage to plaintiffs.  In the alternative, the defendants have established contacts with the state of Louisiana making the exercise of personal jurisdiction proper.

11.      Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this district; or, in the alternative, this is a district where the defendant is subject to personal jurisdiction.


## FACTS COMMON TO ALL CLAIMS

## I.      ANNIE SLOAN INTERIORS' ADOPTION AND DEVELOPMENT OF THE CHALK PAINT TRADEMARK

12.      Annie Sloan is a world-renowned decorative artist with a sterling reputation in the arts and crafts community.

13. More than two decades ago, using her knowledge of paint, pigment, and art history, Ms. Sloan created a unique decorative paint that would eventually be marketed and sold bearing the CHALK PAINT trademark.

14. Annie Sloan Interiors adopted the CHALK PAINT mark in 2003 because it is suggestive of the velvety, 'chalky' matte finish that her paint provides.  The next year, Annie Sloan Interiors registered the domain name www.chalkpaint.com and began selling CHALK PAINT decorative paint to customers in the United States through that website.

15. Annie Sloan Interiors has continuously used the CHALK PAINT mark in interstate commerce with substantial exclusivity since 2004.

16. The popularity of CHALK PAINT decorative paint in the United States is a result of both Annie Sloan's acclaim and reputation as an artist, as well as Jolie Design's tireless efforts and substantial marketing expenditures to reach consumers, develop goodwill, and build brand association in the United States market.

17. The CHALK PAINT mark is inherently distinctive when used in connection with decorative paint.  Alternatively, as a result of Annie Sloan Interiors' substantially exclusive use of the CHALK PAINT mark in commerce since 2004 and the plaintiffs' extensive advertising and promotional efforts, the CHALK PAINT mark has acquired distinctiveness in connection with Annie Sloan Interiors' decorative paint and is now well established at common law.

18. The CHALK PAINT mark is a well-known trademark and brand that represents and symbolizes the substantial goodwill belonging exclusively to Annie Sloan Interiors.

19. On October 30, 2012, the CHALK PAINT standard character mark was duly registered on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Reg. No. 4,232,734 (a true and correct copy is attached hereto as Exhibit A).  This registration

constitutes *prima facie* evidence of the validity of the registered mark, of Annie Sloan Interiors' ownership of the mark, and of Annie Sloan Interiors' exclusive right to use the registered mark in commerce. *See* 15 U.S.C. § 1115(a).

20.     On April 23, 2013, the CHALK PAINT mark in a stylized format was duly registered on the Principal Register of the Unites States Patent and Trademark Office.  *See* U.S. Reg. No. 4,322,847 (a true and correct copy attached hereto as Exhibit B).  This registration constitutes prima facie evidence of the validity of the registered mark, of Annie Sloan Interiors' ownership of the mark, and of Annie Sloan Interiors' exclusive right to use the registered mark in commerce.  *See* 15 U.S.C. §1115(a).

## II.     DEFENDANTS' UNLAWFUL ACTIVITIES

21.     Websters sells powder for use with decorative paints in interstate commerce.

22.     Websters offers its powder for sale under the terms WEBSTERS CHALK PAINT POWDER and/or CHALK PAINT POWDER.  This alone creates marketplace confusion with CHALK PAINT brand decorative paint and dilutes the distinctive quality of the CHALK PAINT trademark and brand name.

23.     Websters encourages its customers to combine its powder with store-bought paint in order to create a product that is similar to decorative paint sold by Jolie Design under the CHALK PAINT brand name.

24.     Websters refers to this combination as CHALK PAINT and advertises that consumers can create CHALK PAINT with its powder.

25.     Websters sells its powder and other products throughout the United States via its highly interactive website, which is accessible through the www.websterschalkpaintpowder.com domain name.

26.     Websters also sells its powder in this district through its distributor, Lovely Little Nest, LLC ("Lovely Little Nest"), which has a sales location at 1107 W. Morris Avenue, Suite B, Hammond, Louisiana 70403.

27.     On information and belief, defendant Beckman directs, controls, authorizes, and actively participates in the infringing acts of Websters described herein.

28.     On information and belief, defendant Goodwin directs, controls, authorizes, and actively participates in the infringing acts of Websters described herein.

29.     On information and belief, defendant Miller directs, controls, authorizes, and actively participates in the infringing acts of Websters described herein.

## III.     EFFECT OF DEFENDANT'S INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

30.     The defendants' use of terms nearly identical to the CHALK PAINT mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of plaintiffs, at least as to some affiliation, connection or association of the defendant with the plaintiffs, or as to the origin, sponsorship, or approval of the defendants' products by the plaintiffs.

31.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark falsely designates the origin of their products and services.

32.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark enables the defendants to trade on and receive the benefit of goodwill built up at great labor and expense by the plaintiffs, and to gain acceptance for the defendants' products and services on the goodwill of Annie Sloan Interiors and the CHALK PAINT mark.

33.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark is likely to dilute the distinctive quality of the CHALK PAINT mark.

34.     Unless these acts of defendants are restrained by this Court, they will continue and they will continue to cause irreparable injury to the plaintiffs and to the public for which there is no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**<u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)</u>**

35.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

36.     The defendants' direct use and threatened continued use of confusingly similar terms constitutes infringement of the Annie Sloan Interiors' federally registered trademarks in violation of 15 U.S.C. §1114.

37.     The defendants are also liable for every act of infringement committed by Websters' distributors (including, without limitation, Lovely Little Nest) under the theories of agency and partnership as well as intentional or other inducement.

38.     The defendants' acts of infringement have been willful, deliberate and intended to benefit the defendants at the plaintiffs' expense.

39.     As a direct and proximate result of the defendants' acts of infringement, the plaintiffs have been damaged; and, unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

40.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further acts of infringement.

41.     The plaintiffs are additionally entitled to compensation consisting of the defendants' profits (as may be increased pursuant to 15 USC §1117) plus the costs of the action.

42.     The intentional nature of the defendants' acts of infringement and other unlawful acts make this an exceptional case under 15 USC §1117 warranting an award of plaintiffs' attorney fees and costs.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125)

43.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

44.     The defendants' direct use and threatened continued use of confusingly similar terms constitutes unfair competition and false designation of origin as to the goods sold by and on behalf of the defendants.

45.     The defendants are also liable for every act of unfair competition and false designation of origin committed by Websters' distributors (including, without limitation, Lovely Little Nest) under the theories of agency and partnership as well as intentional or other inducement.

46.     The defendants' acts of unfair competition and false designation of origin have been willful, deliberate and intended to benefit defendants at the plaintiffs' expense.

47.     As a direct and proximate result of the defendants' false designation of origin and unfair competition, the plaintiffs have been damaged; and, unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

48.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further acts of unfair competition and false designations of origin.

49.     The plaintiffs are additionally entitled to compensation consisting of the defendants' profits (as may be increased pursuant to 15 USC §1117) plus the costs of this action.

50.    The intentional nature of the defendants' acts of unfair competition and false designation of origin make this an exceptional case under 15 USC §1117 warranting an award of plaintiffs' attorney fees and costs.

## THIRD CAUSE OF ACTION
## TRADEMARK DILUTION UNDER STATE LAW

51.    The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

52.    The foregoing actions of the defendants constitute trademark dilution and injury to business reputation in violation of LA. REV. STAT. §51:223.1 and as a result, the plaintiffs have been harmed.

53.    The defendants are also liable for each act of dilution and injury to business reputation committed by Websters' distributors (including, without limitation, Lovely Little Nest) under the theories of agency and partnership as well as intentional or other inducement.

54.    Unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury, including a permanent loss of the goodwill associated with CHALK PAINT decorative paint.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

55.    The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

56.    The acts of the defendants complained of herein constitute the unjust enrichment of the defendants at the plaintiffs' expense.

57.    Unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

58.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further unjust enrichment.

59.     The plaintiffs also seek damages for the wrongful conduct of each defendant in an amount to be determined by the Court.

**PRAYER FOR RELIEF**

60.     **WHEREFORE**, the plaintiffs respectfully pray for the following relief:

(a)     A preliminary and permanent injunction against continued use of the CHALK PAINT mark and any confusingly similar variations thereof (including, without limitation, the terms CHALK PAINT POWDER, WEBSTER'S CHALK PAINT POWDER, and the domain name websterschalkpaintpowder.com) by the defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from the defendants, or in concert or participation with the defendants, pursuant to the powers granted to this Court by 15 USC §1116 and La. R.S. §51:223.1;

(b)     An accounting for, and a monetary award resulting from, the defendants' unauthorized use of the CHALK PAINT mark, consisting of the defendants' profits (which may be enhanced up to three times pursuant to 15 USC §1117). Plaintiffs are not seeking Plaintiffs' damages under 15 USC §1117(a)(2).

(c)     An award of plaintiffs' costs, expenses and attorney fees in this action; and

(d)     Such further relief as a matter of law or equity as this Court may deem just

and proper, except that Plaintiffs are not seeking Plaintiffs' damages under

15 USC §1117(a)(2).

Respectfully submitted,

  /s/ Theodore S. Owers III

**RAYMOND G. AREAUX** (Bar No. 16792) T.A.
**IAN C. BARRAS** (Bar No. 30854)
**EMILY L. GUMMER** (Bar. No. 333858)
**J. MATTHEW MILLER III** (Bar. No. 32594)
**THEODORE S. OWERS III** (Bar. No. 27028)
*Carver, Darden, Koretzky, Tessier,*
  *Finn, Blossman & Areaux, LLC*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
E-Mail:       areaux@carverdarden.com
Telephone:   504.585.3803
Facsimile:    504.585.3801
*Attorneys for Plaintiffs*

4834-6539-8827, v.  5