UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOLIE DESIGN & DECOR, INC. and<br>ANNIE SLOAN INTERIORS, LTD. | CIVIL ACTION |
| VERSUS | NO. 16-2929 |
| WEBSTERS CHALK PAINT POWDER, LLC;<br>LORRAINE C. BECKMAN; TOY NICOLE<br>GOODWIN; and HEATHER DOHN MILLER | SECTION "N" |

## **ORDER & REASONS**

Presently before the Court are motions to dismiss for failure to state a claim (Rec. Docs. 11 & 16), filed by Defendants Toy Nicole Goodwin, Lorraine C. Beckman, and Heather Dohn Miller (collectively, "Individual Defendants"), and asserting substantially similar arguments. Plaintiffs Jolie Design & Decor, Inc. and Annie Sloan Interiors, Ltd. (collectively, "Plaintiffs") oppose the motions. (Rec. Docs. 12 & 19). Now, having reviewed the parties' briefs and the applicable law, the Court rules as stated herein:

**I. BACKGROUND**

This action involves claims against Defendants (including Websters Chalk Paint Powder, LLC) for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.*; injury to business reputation and trademark dilution under LA. REV. STAT. §51:223.1; and unjust enrichment. (Rec. Doc. 1 at p. 1).

Annie Sloan Interiors is the owner and licensor of various CHALK PAINT trademarks, and Jolie Design is the exclusive distributor of CHALK PAINT decorative paint and the exclusive licensee of the CHALK PAINT trademark in the United States and other countries. (Rec. Doc. 1 at p. 2). Annie Sloan Interiors adopted the CHALK PAINT mark in 2003 and, in 2004, began selling

CHALK PAINT decorative paint to customers in the United States through its website, www.chalkpaint.com. (Rec. Doc. 1 at p. 4). The CHALK PAINT standard character mark was duly registered on the Principal Register of the United States Patent and Trademark Office in October 2012, and the CHALK PAINT mark in a stylized format was duly registered in April 2013. (*Id.* at 4-5).

Plaintiffs allege that Websters Chalk Paint Powder, LLC ("Websters") sells powder for use with decorative paint under the terms WEBSTERS CHALK PAINT POWDER and/or CHALK PAINT POWDER and encourages its customers to combine its powder with store-bought paint in order to create a product similar to the decorative paint sold by Plaintiffs under the CHALK PAINT brand name. (*Id.* at 5). Websters refers to this combination as CHALK PAINT and advertises that consumers can create CHALK PAINT with its powder. (*Id.*). According to Plaintiffs, Defendants' unauthorized use of such terms, which are nearly identical to the CHALK PAINT mark, constitutes infringement of Plaintiffs' federally registered trademarks in violation of the Lanham Act. (*Id.* at 7). Plaintiffs further allege that, "on information and belief," the Individual Defendants, as members or managers of Websters, were "active participant[s] in the wrongdoing of which Plaintiffs complain" (Rec. Doc. at p. 2) and directed, controlled, authorized, and actively participated in the infringing acts of Websters. (*Id.* at p. 6).

In response, the Individual Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. (Rec. Doc. 16 at p. 1; Rec. Doc. 11). They assert, in their respective motions, that Plaintiffs' Complaint merely recites the legal conclusion that the Individual Defendants actively participated in the wrongdoing about which Plaintiffs complain and does not plead any facts which

would support a conclusion that the Individual Defendants "actively and knowingly caused the infringement" or were a "moving, active conscious force behind the infringement." (Rec. Doc. 22 at p. 1-2). Because they only address the Lanham Act claims against the Individual Defendants, the Court construes the motions as partial motions to dismiss.

In their memoranda in opposition, Plaintiffs have set forth additional factual allegations not contained within the Complaint and purporting to show the Individual Defendants' active involvement. These allegations include Websters' initial disclosures filed as part of its trademark application, which list the Individual Defendants as individuals having knowledge of Websters' business matters, products, and operations; domain name records for WebstersChalkPowder.com, which was registered by Defendant Beckman; Facebook.com posts indicating that the Individual Defendants have traveled and conducted events to promote Websters' products; Defendant Miller's Pinterest.com and Facebook.com pages promoting Websters; a website print-out identifying Defendant Goodwin as the creator of Websters Chalk Paint Powder; and records of the Georgia Secretary of State listing the Individual Defendants as the organizers of Websters. (Rec. Docs. 12 & 19).

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. at 662, 678 (2009) (internal citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1986). Further, "[a]ll

questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)). When ruling on a Rule 12(b)(6) motion, courts may consider the complaint and a limited number of extrinsic materials, including any attached exhibits and documents that the complaint incorporates by reference. *Stevens v. Lake Charles Coca-Cola Bottling Co.*, 2011 WL 2173649, at *2 (W.D. La. June 1, 2011).

**B. ANALYSIS**

The Court finds that Plaintiffs have failed to state their claims of individual liability against the Individual Defendants with sufficient particularity. Plaintiffs have alleged, based "on information and belief," that the Individual Defendants were actively involved in Websters' infringing activities. But they do so without establishing the information upon which they base those allegations. In their memoranda, Plaintiffs argue that Websters is a closely held limited liability company and that the Individual Defendants, as its members or managers, were likely active in its day-to-day operations, including efforts to promote and sell its allegedly infringing brand and products. In particular, Plaintiffs point to specific examples of the Individual Defendants' active participation, which suggests that Plaintiffs have information concerning the Individual Defendants' involvement that is not set forth in the Complaint. For purposes of these present motions, these allegations are not to be considered by the Court as they are not contained within the Complaint or one of the limited number of extrinsic materials permitted in the analysis. However, as there purports to be some factual support to raise a likelihood of wrongdoing by the Individual Defendants, Plaintiffs will be

4

given a single opportunity to remedy the Complaint's deficiencies.

## III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that the Individual Defendants' Rule 12(b)(6) Motions to Dismiss are **GRANTED** and Plaintiffs' Lanham Act claims against the Individual Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs shall amend their Complaint to rectify the deficiencies noted above, if they so desire. This will be Plaintiffs' only opportunity to amend so as to sufficiently plead their claims. This Order is made without prejudice to the Individual Defendants' right to file a motion to dismiss upon amendment of the Complaint or expiration of the time herein afforded to Plaintiffs to do so.

Plaintiffs' Amended Complaint is to supersede the original Complaint in that it should include any and all of the allegations from the original Complaint upon which Plaintiffs continue to rely, as well as any amended or supplemental allegations. The Amended Complaint must be filed within twenty (20) calendar days from entry of this Order and Reasons.

New Orleans, Louisiana, this 29th day of July, 2016.

**KURT D. ENGELHARDT**
**United States District Judge**